IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00057-MR

| | |
|---|---|
| ADAM W. HALL, ) | |
| Plaintiff, ) | |
| vs. ) | |
| FNU PROPST, ) | **ORDER** |
| Defendant. ) | |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. The Plaintiff applied to proceed in forma pauperis. [Doc. 2; see Doc. 11 (Order Waiving Initial Partial Filing Fee)].

**I.   BACKGROUND**

The pro se Plaintiff, an inmate of the State of North Carolina at the Tabor Correctional Institution, filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing an incident that allegedly occurred at the Foothills Correctional Institution. He names as the sole Defendant FNU Propst, a correctional officer at Foothills CI. The Plaintiff claims that he was assaulted and robbed of coffee by another inmate while the Plaintiff was handcuffed, that "nothing was done," and that policy was not followed. [Doc. 1 at 2]. He seeks damages. [Id. at 3].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Section 1915(g) of the Prison Litigation Reform Act (PLRA) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the

prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this Court's initial review of Plaintiff's Complaint. See Crawford-El v. Britton, 523 U.S. 574, 596 (1998) (discussing the). Any of the enumerated types of dismissals count as a strike, "whether [the dismissals are] with prejudice or without." Lomax v. Ortiz-Marquez, 140 S.Ct. 1721, 1723 (2020).

The Plaintiff has filed at least three prior civil actions that were dismissed under §§ 1915(e)(2) and/or 1915A, including: Hall v. Jenikes, No. 5:21-ct-3077-FL (E.D.N.C. Nov. 3, 2021) (dismissing § 1983 case pursuant to § 1915(e)(2)(B)(ii)); Hall v. Tapp, No. 1:18-cv-197-FDW, 2019 WL 415337, at *3 (W.D.N.C. Feb. 1, 2019) (dismissing § 1983 case pursuant to § 1915(e)(2)(B)(i)-(iii)); Hall v. Cromartie, No. 1:17-cv-23-FDW, 2018 WL 4052239, at *2 (W.D.N.C. Aug. 24, 2018) (dismissing § 1983 case pursuant to § 1915(e)(2)(B)(ii)); see also Hall v. Pierce, No. 5:22-ct-3324-BO (E.D.N.C. Aug. 31, 2022) (finding that the Plaintiff has filed at least three prior cases dismissed as frivolous). The Court has reviewed the docket in each of these matters and finds that they count as a "strike" for the purposes of

3

Case 1:23-cv-00057-MR   Document 15   Filed 04/26/23   Page 3 of 5

the application of 28 U.S.C. § 1915(g).  See Pitts v. South Carolina, -- F. 4th
--, 2023 WL 2920851, at *4 (4th Cir. Apr. 13, 2023).

The Plaintiff is, therefore, subject to 28 U.S.C. § 1915(g)'s bar to filing civil actions in forma pauperis unless he can show that he is under imminent danger of serious physical injury.  As the Plaintiff has made no such showing, the Court will dismiss this action.[1]

## IV.    CONCLUSION

For the reasons stated herein, the Court will dismiss this action as barred by the three-strikes provision of 28 U.S.C. § 1915(g) and vacate the Order granting Plaintiff in forma pauperis status.

**IT IS, THEREFORE, ORDERED** that:

1. The Order waiving the initial partial filing fee and directing monthly payments from Plaintiff's inmate account [Doc. 11] is **VACATED** and

---

[1] The Court notes that, even if Plaintiff's action were not barred under § 1915(g), Plaintiff has failed to state a claim for relief in any event. See generally De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (to state a claim against a prison official for failure to protect, an inmate must show: (1) "serious or significant physical or emotional injury," and (2) that prison officials exhibited deliberate indifference to inmate health or safety") (internal quotation marks omitted); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (stating that intentional deprivations of property do not violate the Due Process Clause if a meaningful post-deprivation remedy for the loss is available); Wilkins v. Whitaker, 714 F.2d 4, 6 (4th Cir. 1983) ("Under North Carolina law, an action for conversion will lie against a public official who by an unauthorized act wrongfully deprives an owner of his property."); Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (unpublished) (holding that "prison officials' failure to follow internal prison policies are not actionable under § 1983 unless the alleged breach of policy rises to the level of constitutional violation").

Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs [Doc. 2] is **DENIED**.

2. This action is **DISMISSED WITHTOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

3. The Clerk of Court's Financial Department is respectfully instructed to reimburse the Plaintiff for funds that have been collected for the payment of his filing fee in this case, if any, and the Clerk is respectfully instructed to mail a copy of this Order to the Tabor Correctional Institution so that withdrawals from Plaintiff's inmate account for this case can be terminated.

The Clerk is respectfully instructed to add this case to the Plaintiff's Filer Status Report in CM-ECF and to close this case.

**IT IS SO ORDERED**.

Signed: April 25, 2023

Martin Reidinger
Chief United States District Judge